Kaye FREEMAN *v.* Roy M. CURRY, et al.

89-50                                    772 S.W.2d 586

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*Wayne Juneau*, for appellant.

*Armstrong & Binns; Tom Wynne III,* Prosecuting Attorney, for appellee.

ROBERT H. DUDLEY, Justice. The issues in this case are whether the Cleveland County Solid Waste Authority was validly created, and whether it had the power to collect delinquent service fees by billing them on personal property tax notices. The chancellor held that the authority was validly created, and, also, that it could collect late service fees as though

they were delinquent taxes. We affirm that part of the decision holding that the Authority was validly created, but reverse that part relating to the collection of late fees as delinquent taxes.

The Department of Pollution Control and Ecology found that the dumping of solid waste in Cleveland County posed a threat to the environment and to public health. On February 8, 1985, the Department, by consent order, ordered the county, along with the Cities of Kingsland and Rison, to provide a system for collection and disposal of solid waste within six (6) months. In an effort to comply with this order, the Cleveland County Quorum Court passed a number of ordinances. Ordinances 85-3 and 85-4 established the Cleveland County Solid Waste Administrative Board and gave to it the exclusive authority to manage waste matters in Kingsland, Rison, and the unincorporated areas of Cleveland County. Two months later Ordinance 85-5 was passed. It changed the name of the board to the Cleveland County Solid Waste Disposal Authority and gave that board all of the power relating to sanitation districts as set out in Act 699 of 1979, which is codified at Ark. Code Ann. §§ 14-233-101 to -121 (1987), and entitled the "Joint County and Municipal Solid Waste Disposal Act." Act 699 does not provide for notice, public hearings, special referendum, or collection of late service fees by billing as personal property taxes.

More than a year later Ordinances 85-4 and 85-5 were amended by Ordinance 86-8. Ordinance 86-8 provided that the Authority would charge service fees of $5.00 per month for households and $15.00 per month for businesses, regardless of whether they used the services, and the charges were made retroactive to May 1, 1985. The Ordinance provided that it was "passed pursuant to and under the authority of Act 742, of 1977 . . . as were Ordinances . . . 85-4 and 85-5." Act 742 codified in pertinent part at Ark. Code Ann. §§ 14-14-701 to - 712 (1987), provides that a county may furnish emergency solid waste, water, or transportation services by the establishment of a subordinate service district. Ark. Code Ann. § 14-14-708 (1987). The procedural requirements for establishing such a district include notice and a public hearing before the ordinance establishing the district is adopted, notice of adoption of the ordinance, and the opportunity for a special type of referendum. The Act also requires that the ordinance include a map of the district and the

estimated cost and financing of the proposed services. None of these requirements were met. The Act allows delinquent charges, plus penalty, to be collected with personal property taxes, and, if not paid, to become a lien on the property. Ark. Code Ann. § 14-14-711(d) (1987).

Appellants, taxpayers in the affected area, filed suit challenging the creation of the district and the validity of mandatory fees and their collection as delinquent taxes. Both parties moved for summary judgment. The chancellor held that the organization was validly created pursuant to Act 699 and that the requirements of Act 742 did not apply. He further held that using personal property tax notices and liens was a permissible method of collection, even under Act 699. We affirm that part of the holding providing that the district was formed under Act 699, but reverse that part holding that tax notices and liens could be used to collect delinquent charges.

Appellants first argue that the chancellor erred in finding the district was created under Act 699. The argument is without merit. The initial ordinances specified the Authority was created under Act 699. It was not until the county wanted mandatory fees and a method to collect delinquent charges that Act 742 was mentioned. The procedural requirements for forming a district under Act 742 were never mentioned or met. The chancellor's ruling was correct.

The appellants next argue that the chancellor erred in holding that the district could collect delinquent service charges through the use of personal property tax notices and liens. The argument is meritorious. The General Assembly clearly provided that before mandatory fees, and tax liens for those mandatory fees, could be imposed, there must be notice and a public hearing. The quorum court may then create a district which is empowered to assess mandatory fees and collect them the same as delinquent personal property taxes. However, the quorum court must publish notice of adoption of such an ordinance and inform the electors that, if within thirty (30) days, fifty percent (50%) or more of the electors in the proposed district file written protests, the ordinance shall be considered void. Ark. Code Ann. § 14-14-709(a)(3) (1987). It is clear that the General Assembly intended for the taxpayers to have notice and the chance for this type of

special referendum before a substantial interference with property ownership, the tax lien, could be imposed.

Accordingly, we reverse and remand for proceedings consistent with this opinion.