The Honorable Gilbert Baker State Senator # 17 Cooper Lane Conway, AR 72034-7935
Dear Senator Baker:
I am writing in response to your request for an opinion on the following question:
 Do county governments have the authority, by ordinance, to require that all liens filed by a county against a property have to be redeemed before the property owner is allowed to pay real estate taxes on the property in question?
RESPONSE
The answer to this question is "no," in my opinion. It seems clear that a general requirement of this sort must be expressly authorized by the General Assembly, and that counties do not currently possess such independent authorization.
The Arkansas Supreme Court has decided two analogous cases involving the rights of counties to impose mandatory fees and collect them through the tax collection process. See Arkansas County v. Burris, 308 Ark. 490,825 S.W.2d 590 (1992) andFreeman v. Curry, 299 Ark. 263, 772 S.W.2d 586
(1989). In the latter case, Cleveland County attempted to collect a solid waste fee by billing it on personal property tax notices. The court held the County had no such authority (this was prior to new legislation which authorized such collection)[1] because it did not follow the procedural requirements for creating a "subordinate service district" set out at A.C.A. §§ 14-14-708 to -711, the only law at the time which allowed charges to be collected through the tax collection process.[2]
The facts of Burris also arose prior to the new legislation authorizing the use of the tax collection process to collect mandatory solid waste disposal fees. The court in Burris struck a county ordinance requiring full payment of unpaid waste fees as a condition to the collector's acceptance of personal property taxes. 308 Ark. at 491. After remarking that the ordinance was passed prior to the enactment of the new legislation, the Court noted that none of the statutes upon which the county relied "set out any specific method by which the fees are to be collected" and that the quorum court's wholesale creation of a remedy constituted an arrogation of the General Assembly's law-making power.Id. at 493. The following language is particularly instructive:
 [T]he General Assembly amended Act 237 (8-6-211 and 212) by enacting Act 1007 of 1991, which expressly provides county government, particularly county collectors, with the authority to use tax records and real and personal property lien laws to enforce collection of unpaid waste fees. Act 1007's enactment supports the appellee's argument that, if Arkansas County and other such government entities had already had the powers expressly given them by this new act, then the General Assembly's action would appear superfluous. Nonetheless, until Act 1007, the county had no express statutory authority to provide by ordinance for the collection procedures it did by enforcing waste fee payments by patching into existing statutory penalty provisions the state employs when collecting personal property taxes.
For example, under Ordinance 89-262, taxpayers failing to pay their waste fee charges cannot pay their personal property tax, and as a consequence, their property is subject to seizure and sale plus penalties, Ark. Code Ann. 26-36-206 (1987), they cannot obtain their motor vehicle licenses, Ark. Code Ann. 27-14-1015 (Supp. 1991), and they are prevented from paying their general real estate taxes, Ark. Code Ann. 26-35-601 (1987). If counties are to acquire the use and benefit of these coercive statutory provisions, the General Assembly is the body that must give them such authority.
308 Ark. at 494-95 (emphasis added).
I believe it is clear from these cases that in the absence of express statutory authority, a county is not empowered to use the real estate tax collection process to enforce a property lien. Because there currently is no such express authority that would apply generally to all property liens filed by the county, the answer to your question is "no."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Act 1007 of 1991 amended the relevant statute, A.C.A. § 8-6-212, to expressly provide county government with the authority to use tax records and real and personal property lien laws to enforce collection of unpaid solid waste fees. The statute was subsequently amended to specifically provide, with respect to solid waste fees, that "[n]o county collector of taxes shall accept payment of any property taxes where annual fees and service charges or delinquent periodic fees and service charges appear on the county tax records of a taxpayer unless the fees and service charges due are also receipted." Id. at (b)(2)(C)(i) (Supp. 2005).
[2] Section 14-14-711(d) (Repl. 1998) authorizes a properly formed subordinate service district to enter waste fee charges on real and personal property taxpayer notices and provides that a lien will attach to the property in the event of nonpayment.